UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MATTHEW FIELDS                                                                                    PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:07-CV-134-S

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                                            DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court upon the motion of the Defendants, Louisville Jefferson County Metro Government ("Metro"), Louisville Metro Police Department ("Department")[1] and Department Officer Darrell Higdon ("Higdon") for summary judgment. The plaintiff, Matthew Fields ("Fields"), has characterized the motion as one for judgment on the pleadings. However, in support of their motion, Defendants have submitted various exhibits and made reference to matters outside of the pleadings. Similarly, Fields has also referred to matters outside of the pleadings in response to the motion. This matter will therefore be treated as one for summary judgment pursuant to Fed. R. Civ. P. 12(c) and 56.

### BACKGROUND

On October 21, 2005, Fields was arrested and questioned by Department Officers Darrell Higdon and Steve Cambron, regarding several crimes, including a burglary and sexual offense that occurred one week earlier. After repeatedly denying involvement, Fields confessed and was charged

---

[1] The Defendants contend that the claims against the Department must be dismissed because the Department is not an entity capable of being sued. Fields has not disputed this contention. The court agrees that the Department is not an entity capable of being sued, and that the proper party is Metro. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of [the plaintiff's] complaint."). The court will dismiss the claims against the Department.

with burglary, sexual abuse, kidnapping and criminal attempt rape. On October 27, 2005, he was indicted in state court on these charges, as well as the charge of robbery.

On June 19, 2006, Fields filed a motion with the state court in connection with the criminal charges to suppress his statement, alleging that his October 21, 2005 detention was illegal, and therefore, his confession was unlawfully obtained in violation of his constitutional rights. On August 29, 2006, an evidentiary hearing related to the motion was held. Following the hearing, both Fields and the prosecution filed memoranda in support of their positions. On November 2, 2006, the court entered an order denying Fields' motion to suppress finding that the detention was lawful.

On October 23, 2006, the prosecution learned that DNA collected at the scene of the burglary and sexual assault matched the profile of Edward Lee Alcorn, Jr. On January 11, 2007, the court granted the Commonwealth's motion to dismiss the indictment without prejudice for six months.

Fields filed this action on March 12, 2007. He has asserted claims under 42 U.S.C. § 1983 for violations of his Fifth, Eighth, Fourth[2], and Fourteenth Amendment rights under the Constitution.[3]

## DISCUSSION

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*,

---

[2] In his complaint, Fields does not specifically allege a violation of his Fourth Amendment rights. However, the memoranda filed by the parties analyze a number of his allegations under the Fourth Amendment.

[3] Fields also alleges violations of 42 U.S.C. § 1981, 42 U.S.C. § 1985, and the Civil Rights Act of 1964. However, Fields has made no factual allegations to support these claims, nor does he address them in response to defendants' motion for summary judgment.

536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

## I. Fifth Amendment

Fields' § 1983 claim for violation of his Fifth Amendment rights implicates the Self-Incrimination Clause, which provides that "no person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend V. This protection against forced self-incrimination is applicable to the states through the Fourteenth Amendment. *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005) (citing *Malloy v. Hogan*, 378 U.S. 1, 8, 84 S.Ct 1489, 12 L.E.2d 653 (1964)).

Fields alleges that his confession was the result of threatened physical assault, intimidation, and the belief that he would be released. He contends the use of such confession compelled him to be a witness against himself in violation of the Fifth Amendment. Defendants contend they are entitled to summary judgment as to Fields' Fifth Amendment claim based on the Supreme Court's

decision in *Chavez v. Martinez*, 538 U.S. 760, 769, 123 S.Ct. 1994, 155 L.E.2d 984 (2003) (plurality).

In *Chavez*, the Supreme Court made it clear that "mere coercion does not violate the Self-Incrimination Clause absent use of the compelled statements in a criminal case." *Chavez*, 538 U.S. at 769. It is only when compelled incriminating statements are used in a criminal case that an accused has suffered the requisite constitutional injury for purposes of a 42 U.S.C. § 1983 action. *McKinley,* 404 F.3d at 430 (citing *Chavez*, 538 U.S. at 769, 772-73). In *Chavez*, the plaintiff filed a § 1983 action alleging that his Fifth Amendment rights were violated when he made incriminating statements while in police custody without first receiving *Miranda* warnings. The plaintiff was never prosecuted. Consequently the absence of a criminal case in which the plaintiff was compelled to be a witness against himself defeated his § 1983 claim.[4] *Chavez*, 538 U.S. at 773.

While the Supreme Court made clear that only the use of compelled incriminating statements in a criminal case gives rise to a § 1983 action, it expressly declined to define the precise moment when a "criminal case" commences. *Chavez,* 538 U.S. at 766-67. At the very least, a criminal case requires "the initiation of legal proceedings," and does not encompass the entire criminal investigatory process, including police interrogations. *Id*. at 766.

---

[4] Although the Supreme Court found that the plaintiff's Fifth Amendment rights were not violated the Court stated:

> Our views on the proper scope of the Fifth Amendment's Self-Incrimination Clause do not mean that police torture or other abuse that results in a confession is constitutionally permissible so long as the statements are not used at trial; it simply means that the Fourteenth Amendment's Due Process Clause, rather than the Fifth Amendment's Self-Incrimination Clause, would govern the inquiry in those cases and provide relief in appropriate circumstances.

*Chavez*, 538 U.S. at 773. Fields' Fourteenth Amendment claim is discussed below.

This case is factually dissimilar from *Chavez*, in that the plaintiff in *Chavez* never had criminal charges filed against him. In this case, criminal charges were filed against Fields. However, those charges were ultimately dismissed prior to any criminal trial. While the Sixth Circuit has noted "[t]he *Chavez* decision may leave room for a challenge to the use of coerced statements in a grand jury proceeding," it also noted that the "thrust of the [*Chavez*] opinion rests on the view that the Fifth Amendment is a trial protection." *McKinley*, 404 F.3d at 431 n. 11. Based on this view of the *Chavez* decision, the court finds that summary judgment is appropriate and will dismiss Fields' Fifth Amendment claim.

## II. Eighth Amendment

Fields alleges a violation of his Eighth Amendment rights. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. The Supreme Court has held that the proscription against cruel and unusual punishment is designed to protect those convicted of crimes. *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S.Ct. 1401, 51 L.E.2d 711 (1977). The Eighth Amendment is not implicated by alleged misconduct that occurs prior to conviction. *Bass* v. *Robinson*, 167 F.3d 1041, 1048-49 (6th Cir. 1999). "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Bass*, 167 F.3d at 1049 (quoting *Ingraham*, 430 U.S. at 671 n. 40).

It is undisputed that at the time of the alleged violation of the Eighth Amendment Fields was not convicted of any crime. Because no genuine issue of fact exists, summary judgment is appropriate and Fields' Eighth Amendment claim must be dismissed.

### III.  Fourth and Fourteenth Amendment

Fields' § 1983 claim for violation of his due process rights under the Fourteenth Amendment is based on his allegation that his confession was the result of threatened physical assault, intimidation, and the belief that he would be released, as well as his allegation that the Defendants withheld exculpatory evidence.  Although his complaint does not so state, the § 1983 claim for violation of his rights under the Fourth Amendment may be characterized as claims of false arrest, false imprisonment, and  malicious prosecution.  These claims are based on Fields' allegations that: (1) his arrest and prosecution occurred without probable cause; (2) his confession was in conflict with facts known to the Defendants as to how the burglary and sexual assault were committed; and (3) the Defendants were in possession of, and concealed, DNA samples on the underwear of the victim.

### Statute of Limitations

Congress has not legislated a statute of limitations period for § 1983 claims.  Therefore, for purposes of 42 U.S.C. § 1983, state statutes of limitation and tolling principles shall apply to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  The Supreme Court has held that § 1983 claims should be "characterized as personal injury actions" and that courts "should borrow the general or residual statute for personal injury actions." *See Collard v. Kentucky Bd. Of Nursing*, 896 F.2d 179, 180-81 (6th Cir.1990) (internal citations omitted).  Section 1983 actions in Kentucky, therefore, are limited by the one-year statute of limitations period found in its personal injury statute, KRS § 413.140. *Id.* at 182-83.

While state law determines the limitation period and tolling principles to apply to a § 1983 claim, federal law determines the question of when the limitations period begins to run. *Wallace v. Kato*, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007); *Collard*, 896 F.2d at 183 (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). It is "the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action," *Wallace*, 127 S.Ct. at 1095 (internal citations omitted), that is, when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Collard*, 896 F.2d at 183 (citing *Sevier*, 742 F.2d at 273).

The Defendants contend that Fields' Fourteenth Amendment claims, as well as his Fourth Amendment claims for false arrest and false imprisonment, are barred by the one-year statute of limitations. Fields filed the present action on March 12, 2007. Therefore, any claim accruing earlier than March 12, 2006 is barred by the statute of limitations.

The Fourteenth Amendment provides that no person shall be deprived "of life, liberty or property, without due process of law." U.S. Const. Amend XIV. Convictions based on evidence obtained by methods that are "so brutal and so offensive to human dignity" that they "shock the conscience" violate the Due Process Clause. *Chavez*, 538 U.S. at 774 (citing *Rochin v. California*, 342 U.S. 165, 172, 174, 72 S.Ct. 205, 96 L.Ed. 183 (1952)). Fields alleges that his October 21, 2005 confession was the result of threatened physical assault, intimidation, and the belief that he would be released. Upon completion of the October 21, 2005 interrogation, Fields knew of his injury and had a complete and present cause of action. Accordingly, Fields' § 1983 claim for violation of the Fourteenth Amendment based on the Defendants' actions in connection with his confession accrued on October 21, 2005, and was therefore filed outside of the applicable statute of limitations period.

Fields also claims that the Defendants withheld exculpatory evidence in violation of his Fourteenth Amendment rights. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Fields contends that the Defendants concealed DNA samples found on the victim's panties. The record indicates that on November 30, 2005, the prosecution in the state criminal proceedings responded to the state court's order for discovery by including a document identified as "victim rape kit." The document also noted that the rape kit was placed in the Department property room on October 14, 2005. On March 6, 2006, the prosecution filed a supplemental response to the state court's order for discovery which included a Kentucky State Police forensic laboratory examination report. The report identified the rape kit as including the victim's underwear and noted that semen had been found on the panties. Therefore, at the latest, Fields became aware of the panties and DNA samples, and aware of a cause of action for the withholding of exculpatory evidence, on March 6, 2006. At the latest, Fields' § 1983 claim for violation of the Fourteenth Amendment based on the withholding of exculpatory evidence accrued on March 6, 2006, and was therefore filed outside of the applicable statute of limitations period.

As to his claims for false arrest and false imprisonment, the Supreme Court has recently held "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 127 S.Ct. At 1100. The Court noted that the claims of false arrest and false imprisonment overlap, and referred to the them together as false imprisonment. *Id.* at 1095. The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process. Id.* (emphasis in original) (internal citations omitted). "[A] false imprisonment ends once the victim becomes held pursuant to [legal]

process. . . Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution." *Id.* at 1096 (internal citations omitted). In this case, Fields alleges he was detained without legal process while he was questioned by Higdon and Cambron, due to a lack of probable cause for his arrest. However, he became detained pursuant to legal process, at the latest, when he was indicted on October 27, 2005. Thus, his claims for false arrest and false imprisonment were filed outside of the applicable statute of limitations period.

As to Fields' claim for malicious prosecution, the Sixth Circuit recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment. *Barnes v. Wright*, 449 F.3d 709, 716 (2006) (citing *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003)). The date of accrual for a plaintiff's malicious prosecution claim does not occur until the criminal proceedings against him are dismissed. *See Fox v. Desoto*, 489 F.3d 277, 233 (6th Cir. 2007). Because the prosecution did not dismiss the charges against Fields' until 2007, his § 1983 claim for malicious prosecution in violation of the Fourth Amendment was timely filed within the one-year statute of limitations period.

Fields contends that any applicable statute of limitation was tolled by virtue of his incarceration and under the doctrine of fraudulent concealment. This contention is without merit. As mentioned, the determination of whether a statute of limitations is tolled is determined by state law. *Wilson*, 471 U.S. at 269.

In Kentucky, the statute standing for the proposition that incarceration acts as a disability to toll the running of the applicable limitation period has been repealed.[5] *See Hamilton v. Meridian Mut. Ins. Co.*, No. 02-CI-00141, 2003 WL 22064128 at **3, 5 (Sept. 5, 2003 Ky.App.) (finding that

---

[5]Prior to being repealed in 1990, KRS 413.310 stated "[t]he time of the confinement of the plaintiff in the penitentiary shall not be counted as part of the period limited for the commencement of an action."

incarceration did not act as a legal disability that tolls a statute of limitation).  Consequently, Fields' incarceration did not operate to toll the statute of limitations.

Furthermore, the doctrine of fraudulent concealment is found in KRS 413.190(2) and states:

> When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced. But this saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not.

KRS 413.190(2).  Fields contends that the Defendants "obstruct[ed] the prosecution of [his] action" by concealing DNA samples found on the victim's panties.  Fields has offered no evidence to support a finding that the Defendants concealed this evidence from him. Further, as discussed in connection with his Fourteenth Amendment claim for withholding exculpatory evidence, assuming the Defendants did fraudulently conceal the evidence,  Fields nevertheless became aware of the panties and DNA samples on March 6, 2006.  Therefore, under the doctrine of fraudulent concealment, the statute of limitations would have been tolled until March 6, 2006.  Because Fields did not file the present action until March 12, 2007, even assuming the applicability of the doctrine of fraudulent concealment, his action was filed outside of the one-year statute of limitations for § 1983 claims.

Because Fields' Fourteenth Amendment claims and Fourth Amendment claims for false arrest and false imprisonment were filed outside of the applicable statute of limitations period the court will grant judgment and dismiss these claims.

## Collateral Estoppel

The Defendants contend that summary judgment is proper as to Fields' Fourth Amendment claim for malicious prosecution because the issue of probable cause was previously decided in his state court criminal proceeding. While the Sixth Circuit has recognized a constitutional claim for malicious prosecution under the Fourth Amendment, the court "has yet to resolve the elements of a federal malicious prosecution claim." *Barnes*, 449 F.3d at 715-16 (citing *Thacker*, 328 F.3d at 259). However, "it is clear that a plaintiff must show, at a minimum, 'that there was no probable cause to justify [his] arrest and prosecution.'" *Id.*

It is undisputed that in Fields' state court criminal proceeding, his motion to suppress was denied, with the judge finding that probable cause existed to effectuate Fields' arrest. "The Supreme Court has held that issues decided in a state-court criminal proceeding are entitled to preclusive effect in a subsequent federal § 1983 suit to the extent provided by the law of preclusion in the state where the judgment was rendered." *Donovan v. Thames*, 105 F.3d 291, 293-94 (6th Cir. 1997) (citing *Allen v. McCurry*, 449 U.S. 90, 102, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). In *Donovan*, the Sixth Circuit noted:

> Under Kentucky law, res judicata, or claim preclusion may be used to preclude entire claims that were brought or should have been brought in a prior action, while the doctrine of collateral estoppel [or issue preclusion] only applies to issues actually litigated. Moreover, Kentucky has approved the use of non-mutual collateral estoppel, i.e., issue preclusion may apply against a party to a prior suit even though the parties in the subsequent law suit are not identical to the parties in the prior action.

*Donovan*, 105 F.3d at 295 (internal citations omitted).

The Sixth Circuit has recognized that where "the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a

subsequent § 1983 action." *Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1998) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir.1987) (overruled on other grounds). While the record does not indicate that Fields was afforded the opportunity to contest probable cause at a preliminary hearing, it does indicate that Fields was afforded the opportunity to contest probable cause in an evidentiary hearing regarding his motion to suppress

Fields contends that collateral estoppel should not bar consideration of probable cause because he was denied the opportunity to appeal the state court's decision regarding his motion to suppress when the criminal charges against him were dismissed. The court disagrees. While recognizing that some courts have held that the opportunity to appeal an adverse ruling is a prerequisite to the application of collateral estoppel, the Sixth Circuit has noted that a state trial court's denial of a plaintiff's motion to suppress evidence due to a lack of probable cause could bar relitigation of the issue of probable cause, even though the criminal charges against the plaintiff were ultimately dismissed. *Lomaz v. Hennosy*, 151 F.3d 493, 499 n. 8 (6th Cir. 1998).

Fields also contends that the state court's denial of the motion to suppress did not involve the same issue raised in this action. However, the state court clearly found that probable cause existed to arrest Fields. Because a successful malicious prosecution action requires the plaintiff to demonstrate a lack of probable cause for his arrest and prosecution, to the extent Fields asserts a claim for malicious prosecution in violation of his Fourth Amendment rights, the same issue is raised in this action. Accordingly, summary judgment must be granted in favor of the Defendants as to Fields' claim for malicious prosecution in violation of his Fourth Amendment rights.

A separate order will be entered herein this date in accordance with this opinion.